UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>           Plaintiff,<br><br>      v.<br><br>J. LYNCH, *et al.*,<br><br>           Defendants. | Case No. 2:24-cv-00733-JDP (PC)<br><br>**ORDER**<br><br>(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*;<br><br>(2) FINDING THAT THE COMPLAINT STATES COGNIZABLE EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT AND STATE LAW AGAINST ALL DEFENDANTS; AND<br><br>(3) DIRECTING PLAINTIFF TO INDICATE WHETHER HE WISHES TO PROCEED WITH CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR DELAY SERVICE AND FILE AN AMENDED COMPLAINT<br><br>ECF Nos. 1 & 2 |

    Plaintiff, a state prisoner proceeding without counsel, alleges that the named defendants, Lynch, Jones, Ponyay, Vitalie, and Darling, correctional staff at California State Prison, Sacramento, violated his rights under the Eighth Amendment and state law by ignoring conditions of confinement that amounted to cruel and unusual punishment. ECF No. 1 at 13-15. These allegations against the defendants are, for screening purposes only, cognizable and I will direct service for the identified defendants. I also find, however, that plaintiff's Eighth Amendment

claim for inadequate medical care is non-cognizable. I grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As noted above, plaintiff alleges that the named defendants were aware that his conditions of confinement were so unsanitary as to be violative of the Eighth Amendment. ECF No. 1 at 13-

15. Specifically, he alleges that he was regularly exposed to black mold, human and animal feces, and contaminated food. *Id.* These allegations are, for screening purposes, sufficient to state a viable Eighth Amendment conditions of confinement claim. They are also sufficient to state cognizable state law claims for negligent infliction of emotional distress and negligence. Plaintiff's Eighth Amendment claim for inadequate medical care, however, is non-cognizable. While he alleges that defendants were aware of the unsanitary conditions of his confinement, he does not allege that any were responsible for, or in any way interfered with, the medical treatment he received for the staph infection he developed. Accordingly, plaintiff may either proceed only with the claims deemed cognizable here, or he may delay serving any defendant and file an amended complaint that remedies the deficiencies in his inadequate medical care claim.

Accordingly, it is ORDERED that:

1. Within thirty days of this order's entry, plaintiff shall either inform the court in writing of his intention to proceed with the claims deemed cognizable in this complaint, or he shall file an amended complaint.

2. The Clerk of Court is directed to send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   July 18, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE